UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ONASSET INTELLIGENCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-3148-G |
| FREIGHTWEIGHT INTERNATIONAL | ) | |
| (USA), INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for leave to amend its complaint

(docket entry 49).  For the reasons stated below, the motion is granted.

## I. BACKGROUND

On November 15, 2011, OnAsset Intelligence, Inc. ("OnAsset") filed a

complaint against FreightWatch International (USA), Inc. ("FreightWatch"), alleging

patent infringement, trademark infringement, and other violations of the Lanham

Act.  More specifically, OnAsset alleged infringement of United States Patent No.

7,791,455 (the "'455 patent").  *See* Original Complaint ¶¶ 10-14 (docket entry 1).

On January 10, 2012, FreightWatch filed a motion to dismiss, *see* FreightWatch's

Motion to Dismiss for Failure to Join a Party or to Sever and Stay the Patent Claim

and Supporting Brief (docket entry 10), which the court denied as moot on June 21,

2012. *See* Order of June 21, 2012 (docket entry 27).  On July 25, 2012, OnAsset

reached a settlement agreement with respect to the '455 patent with FreightWatch

and its suppliers (Moog Inc. and Crossbow Technology, Inc.).  *See* OnAsset

Intelligence, Inc.'s Motion for Leave to Amend its Complaint ("Motion") at 2 (docket

entry 49).  OnAsset claims that it was during these settlement negotiations that it

first learned of FreightWatch's (and Moog's and Crossbow's) infringement of another

patent, United States Patent No. 7,652,576 (the "'576 patent").  *Id.*  OnAsset also

reached a settlement with Moog and Crossbow concerning the '576 patent on

July 25, 2012, but it was unable to settle with FreightWatch with respect to this

patent.  *Id.*  Counsel for OnAsset could not reach agreement with counsel for

FreightWatch regarding an amended complaint.  *Id.*  Thereafter, OnAsset filed the

instant motion on September 19, 2012.

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a) instructs the court to "freely give leave"

to a party to amend its pleading "when justice so requires."  A motion to amend a

pleading "should not be denied unless there is a substantial reason to do so."  See

*Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (internal quotations omitted).

In determining whether to grant leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  See *In re Southmark Corporation*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997).

B. Application

FreightWatch contends that OnAsset unduly delayed in moving to amend its complaint and that FreightWatch will suffer undue prejudice as a result.  *See* FreightWatch International (USA), Inc.'s Opposition to Plaintiff's Motion for Leave to Amend its Complaint ("Response") at 2-4 (docket entry 51).  The court will analyze each of these factors in turn.

1. *Undue delay*

FreightWatch maintains that OnAsset could and should have known of the possibility of FreightWatch's alleged infringement of the '576 patent before this suit was filed.[*] *Id.* at 3.  FreightWatch therefore asserts that OnAsset's move to amend its complaint at this stage in the litigation constitutes undue delay.  *Id.*  OnAsset responds that, whatever it could have known at the outset of the case, it only *actually* discovered the alleged infringement during settlement negotiations concerning the '455 patent.  *See* OnAsset Intelligence, Inc.'s Reply in Support of its Motion for Leave

---

[*]       For the purpose of this motion, the court will assume that FreightWatch's factual account of what OnAsset "should have" known is true.

to Amend its Complaint ("Reply") at 3 (docket entry 55).  OnAsset insists that it
diligently pursued settlement with respect to the '576 patent, and after conferring
with FreightWatch about its motion to amend, filed the motion in a timely fashion
and within the deadlines set by this court's Scheduling Order.  *Id.*

The court agrees with OnAsset that, upon its discovery during settlement
negotiations of the alleged infringement of the '576 patent, it has acted diligently and
without delay in pursuing the amendment of its complaint.  The court is also of the
opinion that OnAsset's failure to pursue this claim from the onset of litigation does
not constitute sufficient undue delay to support a denial of leave to amend.  This is
particularly so in light of the following analysis of prejudice.

2.  *Undue prejudice*

FreightWatch claims that OnAsset's failure to pursue its infringement claim
from the onset of litigation has created an inefficient process that will unnecessarily
cost it greater time, money, and disruption of business activities than would have
been spent had the claim been brought initially.  *See* Response at 4.  OnAsset
responds that the litigation is in its early stages, noting that (1) "neither party has
engaged in any discovery activities"; (2) trial is set for a date over a year from now
(January 6, 2014); and (3) the current discovery cutoff date of June 30, 2013 is well
over six months from now.  *See* Reply at 3-4.  In addition, OnAsset contends that
FreightWatch did not make any argument that the '576 patent infringement claim is

futile (implicitly admitting it would survive a motion to dismiss), so that OnAsset will surely simply file a new action should its motion be denied. *Id.* at 4.

The plaintiff correctly notes that "[m]erely because a claim was not presented as promptly as possible . . . does not vest the district court with authority to punish the litigant." See *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982); *see also* Reply at 1-2. Rather, the usual case in which "undue delay" supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim. See, *e.g.*, *Daly v. Sprague*, 675 F.2d 716, 720, 723 (5th Cir. 1982), *cert. denied*, 460 U.S. 1047 (1983) (upholding a district court's denial of leave to amend a complaint where the amendment was requested 20 days before trial and 16 months after the initiation of litigation); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (upholding a district court's denial of leave to amend a complaint where the amendment was requested on the eve of trial and after a 19-month delay). Other cases reflect a similar seriousness of harm to an opponent from a party's delay. See, *e.g.*, *Mayeaux v. Louisiana Health Service and Indemnity Company*, 376 F.3d 420, 425-28 (5th Cir. 2004) (upholding a district court's denial of leave to amend where the amendment was sought six years after the original complaint was filed and after extensive discovery and pretrial activity had been conducted).

While FreightWatch has shown that there has been some delay, and that it will experience some further cost from this delay, the court concludes that the prejudice to

FreightWatch does not rise to the level of seriousness displayed in the above cases. Any prejudice to FreightWatch is not sufficiently "undue" to support a denial of leave to amend.

### III.  CONCLUSION

For the reasons stated above, OnAsset's motion for leave to amend its complaint is **GRANTED**.

**SO ORDERED**.

November 6, 2012.

_A. Joe Fish_

A. JOE FISH
**Senior United States District Judge**